UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

2018 MAY 23 A 10: 16

DEPUTY CLERK

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Crim. No. 2:18CR59-JDL |
| | ) | |
| STEPHEN MARDIGAN | ) | |

## AGREEMENT TO PLEAD GUILTY
## (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Halsey B. Frank, United States Attorney, and David B. Joyce, Assistant United States Attorney, and Stephen Mardigan (hereinafter "Defendant"), acting for himself and through his counsel, Bruce Merrill, Esquire, and J.P. DeGrinney, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1.     Guilty Plea. Defendant agrees to plead guilty to the Information herein pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). The Information charges Defendant with unlawful gambling, in violation of Title 18, United States Code, Section 1955 (Count One), money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) (Count Two), and subscribing to a false tax return, in violation of Title 26, United States Code, Section 7206(1) (Count Three).

2.     Sentencing/Penalties. Defendant agrees to be sentenced on the charges described above. Defendant understands that the penalties that are applicable Count One are as follows:

    A.     A maximum prison term of five years;

    B.     A maximum fine of $250,000 or twice the gross gain from the offense, whichever is greater;

    C.    A mandatory special assessment of $100.00 for each count of conviction which Defendant agrees to pay at or before the time that he enters a guilty plea; and

    D.    A term of supervised release of not more than three years. Defendant understands that his failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve up to two additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

Defendant further understands that the penalties applicable to Count Two are as follows:

    A.    A maximum prison term of twenty years;

    B.    A maximum fine of $500,000 or twice the value of the property involved in the transaction, whichever is greater;

    C.    A mandatory special assessment of $100.00 for each count of conviction which Defendant agrees to pay at or before the time that he enters a guilty plea; and

    D.    A term of supervised release of not more than three years. Defendant understands that his failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve up to two additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

Defendant further understands that the penalties applicable to Count Three are as follows:

    A.    A maximum prison term of three years;

    B.    A maximum fine of $100,000;

    C.    A mandatory special assessment of $100.00 for each count of conviction which Defendant agrees to pay at or before the time that he enters a guilty plea; and

    D.    A term of supervised release of not more than three years. Defendant understands that his failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve up to two additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

3. <u>Agreements Regarding Sentencing</u>. The parties agree to make the following non-binding recommendations as to sentencing:

- A. The parties agree to recommend that the Court find that Defendant has accepted responsibility for the offenses of conviction, and that the Court should reduce Defendant's Adjusted Offense Level pursuant to U.S.S.G. § 3E1.1. The Government reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing, Defendant: (a) fails to admit a complete factual basis for the plea; (b) fails to truthfully admit his conduct in the offense of conviction; (c) engages in conduct which results in an adjustment under U.S.S.G. § 3C 1.1; (d) falsely denies or frivolously contests relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3 or previous convictions that Defendant has sustained; or (e) engages in new criminal conduct. Defendant understands that he may not withdraw the guilty plea if, for any of the reasons listed above, the Government does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

- B. The Government agrees to recommend a sentence not to exceed the low end of the advisory guideline range as calculated by the Court.

- C. The Government agrees to dismiss civil forfeiture cases bearing docket numbers 2:17-cv-124-JDL and 2:17-cv-390-JDL at the time Defendant is sentenced on the charges contained in the Information.

The parties have no additional agreements concerning the computation of the sentencing guidelines. The parties expressly agree and understand that should the Court reject any or all of the recommendations of the parties, Defendant will not thereby be permitted to withdraw his plea of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

4. <u>Department of Justice Approval</u>. The parties agree that this plea agreement is contingent upon approval of (1) the Tax Division of the United States Department of Justice; (2) the Criminal Division of the United States Department of Justice; and (3) the Deputy Attorney General of the United States.

5. <u>Appeal Waivers</u>. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

    A. Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

    B. A sentence of imprisonment that does not exceed 30 months.

Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The number of months mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

6. <u>Restitution</u>. The parties agree to the following:

    A. Defendant agrees to pay restitution to the Internal Revenue Service in the total principal amount of $1,338,891.00 (exclusive of interest and any assessed penalties), pursuant to 18 U.S.C. 3663(a)(3). Defendant understands and agrees that this figure does not include interest under 26 U.S.C. § 6601, which will be assessed by the IRS pursuant to Title 26.

    B. Defendant agrees that the total amount of restitution reflected in this agreement results from Defendant's fraudulent conduct.

C. The total amount of restitution consists of the following:

| Tax Year | Tax Due and Owing (Exclusive of Interest and/or Penalties) |
|---|---|
| 2009 | $168,631.00 |
| 2010 | $228,855.00 |
| 2011 | $95,887.00 |
| 2012 | $157,550.00 |
| 2013 | $345,965.00 |
| 2014 | $211,213.00 |
| 2015 | $130,790.00 |
| **TOTAL:** | **$1,338,891.00** |

D. The parties agree that $34,651.97 held in an escrow account by the Law Offices of Bruce Merrill shall be applied towards Defendant's restitution obligation at the time of sentencing.

E. By entering into this agreement, the United States Attorney for the District of Maine does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges contained in Paragraph 1 of this agreement. Nothing in this agreement prevents the initiation of proceedings by the Internal Revenue Service relating to potential civil tax liability.

7. Consequences of Breach. If Defendant violates or fails to perform any obligations under this agreement ("a breach"), the United States will be released from its obligations hereunder and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

    A.    The United States may use any statement that Defendant made pursuant to this agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

    B.    Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

8.    <u>Speedy Trial Waiver</u>. Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 7 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

9.    <u>Forfeiture</u>. Defendant agrees to waive and withdraw any claim and/or Petition for Remission or Mitigation to, and assist the United States in effecting the forfeiture or other transfer of, the following assets:

A. $104,072.70 in funds seized on April 12, 2017, from Bank of America account number 000003507467;

B. $142,974.00 in United States currency seized on April 7, 2017, from 460 Baxter Boulevard, Portland, Maine;

C. $428,000.00 in United States currency seized on April 7, 2017, from Safe Deposit box 224 at Key Bank, 400 Forest Ave, Portland, Maine;

D. The following real properties located within the District of Maine or, with prior agreement by the government, the escrowed proceeds from the sale of any of the following real properties:

| Address | City/Town | Description per Municipal tax records | Deed Book/Page |
|---|---|---|---|
| 2 Tides Edge Road | Cape Elizabeth | Map/Lot U08-12 | 33481/293 |
| 12 Tides Edge Road | Cape Elizabeth | Map/Lot U08-14 | 32429/74 |
| 13 Tides Edge Road | Cape Elizabeth | Map/Lot U08-15 | 30648/83 |
| 197 Main Street | Westbrook | Map/Lot 042A-3 | 29334/308 |
| 408 Forest Avenue (406-408) | Portland | Parcel ID 116-D-1 | 31510/163 |
| 726 Forest Avenue (724-728 & 1-7 Concord Street) | Portland | Parcel ID 130-H-21-27 | 11521/203 |
| 757 Forest Avenue (745-765) | Portland | Parcel ID 130-K-1 | 10512/236 |
| 767 Forest Avenue (767-773) | Portland | Parcel ID 137-C-16 | 23223/344 |
| 777 Forest Avenue (775-781) | Portland | Parcel ID 137-C-17 | 27892/326 |
| 785 Forest Avenue (783-789) | Portland | Parcel ID 137-C-1 | 23941/287 &25010/160 |
| 815 Forest Avenue (813-817) | Portland | Parcel ID 137-C-18 | 31561/165 |
| 865 Forest Avenue (853-865) | Portland | Parcel ID 137-C-11 | 24077/252 |
| 881-883 Forest Avenue (867-881) | Portland | Parcel ID 137-C-12 | 23839/50 |

| 78-96 Bell (& 1123 Forest) | Portland | Parcel ID 150-C-9 | 29573/246 |
| 32-34 Vannah Avenue | Portland | Parcel ID 129-F-13 | 29836/044 |
| 31 Hersey Street | Portland | Parcel ID 129-F-14 | |
| 937 Congress Street | Portland | Parcel ID 65-C-9 | 30330/190 |
| 460 Baxter Blvd (458-464) | Portland | Parcel ID 139-K-7-8 | 15794/276 |
| 363 Sebago Lake Road | Gorham | Map/Lot 89-6 | 30715/225 |

10. <u>Validity of Other Agreements; Signature</u>. This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant. However, in the event that Defendant fails to enter his guilty plea or is allowed to withdraw his guilty plea entered hereunder, and the Court determines that Defendant has not breached this Agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

8

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 12/21/17

_____
Stephen Mardigan, Defendant

We are legal counsel for Stephen Mardigan. We have carefully reviewed every part of this Agreement with Stephen Mardigan. To our knowledge, Stephen Mardigan's decision to enter into this Agreement is an informed and voluntary one.

Date: 12/24/17

_____
Bruce Merrill, Esquire
Attorney for Defendant

Date: 12/28/17

_____
J.P. DeGrinney, Esquire
Attorney for Defendant

FOR THE UNITED STATES:   Halsey B. Frank
                         United States Attorney

Date: 12/21/17

_____
David B. Joyce
Assistant U.S. Attorney

Approved: _____
Supervisory Assistant U.S. Attorney

9